UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| Carl Blain,<br><br>individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　-v.-<br><br>Simm Associates, Inc.,<br><br>　　　　　　　　　　　　　　　Defendant. | Case No.: 1:22-cv-55<br><br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carl Blain brings this Class Action Complaint by and through his attorneys, against Defendant Simm Associates, Inc. ("Simm"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.　　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas.

8. Defendant Simm is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA,

9. Simm has a service address at Corporation Service Company Dba Csc - Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701.

10. Upon information and belief, Defendant Simm is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

11.  Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.  The Class consists of:

    a.  all individuals with addresses in the State of Texas;

    b.  to whom Defendant Simm sent an initial collection letter;

    c.  attempting to collect a consumer debt;

    d.  in two sub-classes:

        1.  where the letter identifies a current creditor but then identifies a different name for the purchaser of the alleged debt; or

        2.  that provides identical amounts for the charged-off debt and current amount due but also states that interest and/or fees have been added since chargeoff; and;

    e.  which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.  The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.  Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to October 11, 2021, Plaintiff allegedly incurred an obligation to non-party Citibank N.A. ("Citibank").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically for personal credit.

23. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. It is unclear from the Letter described below, but Simm is collecting this debt.

26. It appears that the current owner of the debt retained Simm to collect thereon.

27. Simm is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. Defendant collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – October 11, 2021 Collection Letter*

29. On or about October 11, 2021, Defendant sent Plaintiff an initial collection letter regarding the alleged debt. See Letter attached as Exhibit A.

30. Plaintiff disputes owing this debt as stated in Defendant's Letter.

31. The Letter states "CURRENT CREDITOR: JHPDE Finance 1, LLC.

32. The Letter also states, "Paradigm Assets has purchased the above referenced account with an outstanding balance of $3,789.00 from Citibank N.A. Due to non-payment of this debt our client has retained us to review your account and commence collection activity."

33. The letter claims that both JHPDE Finance 1, LLC and Paradigm Assets are simultaneously the current creditor or owner of the debt.

34. Upon information and belief, only one of these two entities is actually the current creditor and owner of the debt.

35. It is deceptive to not clearly state who is the correct creditor in any collection letter sent to a consumer.

36. It is deceptive to not clearly state who the correct creditor is in any collection letter sent to a consumer.

37. This false listing of the name of the creditor is deceptive in preventing Plaintiff from determining to whom payment should be made, which debt is owned by whom, and the possible benefits and/or detriments to the consumer of those relevant facts.

38. Furthermore, this confusion can ultimately result in multiple collections on the same debt by different collectors, and a double collection can occur.

39. The Letter also states that the BALANCE is $3,789.00.

40. The Letter also states:

> CHARGE OFF AMOUNT: $3,789.00
> TOTAL INTEREST SINCE C/O $163.48
> TOTAL NON-INTEREST/FEES SINCE C/O: $235.00
> TOTAL PAYMENTS POST C/O $0.00

41. C/O stands for Charge Off.

42. The letter states that the amount charged-off was $3,789.00.

43. The letter states that $163.48 of interest has accrued since charge-off.

44. The letter states that $235.00 in fees has accrued since charge-off.

45. The letter states that no payments have been made since charge-off.

46. Yet the balance equals the charge off amount.

47. Despite the accrual of fees and interest, and despite that no payments have been made, the amounts for charge off and currently owed are identical.

48. These amounts are nonsensical.

49. These amounts are contradictory.

50. If the debt was $3,789.00 at charge-off and $398.48 was added, then the balance cannot also be $3,789.00.

51. Defendant is attempting to collect a nonsensical debt.

52. Defendant is improperly claiming an incorrect balance owed on a debt.

53. The amounts listed do not add up and therefore do not make sense.

54. This letter leaves open the possibility that there is some mysterious, unnamed, unlisted charge or charges or credits of some sort could be added back or subtracted, or that additional charges for the same or different amounts could be added or subtracted for the same reason – whatever it was – that these mysterious amounts appeared in the first place.

55. Perhaps the charge-off balance itself is also incorrectly listed.

56. Certainly the current balance is incorrect on its face.

57. Because of the lack of any information foreclosing these possibilities, plaintiff does not know if the amount of his obligation is static or dynamic.

58. Plaintiff has therefore been misled as to whether paying the listed balance will close the account, or whether another charge might be added, so that more than the current balance would be needed to close the account.

59. Or if he will be charged the listed interest and fees subsequent to his payment of the alleged balance.

60. Defendant is required to advise the Plaintiff what he will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest, or other additions, that will cause the balance to increase.

61. The letter is misleading because Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was increasing or at least had previously increased.

62.     If Plaintiff pays the current balance stated on the letter, he does not know whether the debt has been paid in full.

63.     Defendant could still seek the interest and fees, or further mysterious additions, that accumulated after the letter was sent but before the balance was paid.

64.     Or Defendant or current owner (whoever that is) could sell the Plaintiff's debt to yet another third party, which itself could seek the interest and fees, or other additions, from Plaintiff.

65.     The FDCPA requires debt collectors, when they notify consumers of their account balance to disclose that the balance may increase due to interest and fees, or other charges.

66.     Alternatively, in light of the amounts stated in the letter and the implication that additional charges could be accruing, then if, in fact, no additional amounts are accruing, Defendant must so state.

67.     The letter materially misled Plaintiff because when faced with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), Plaintiff would pay the dynamic debt first.

68.     Defendant cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

69.     Defendant cannot imply or suggest that there will not be be additional charges when in fact there will be additional charges.

70.     This false advice could incentivize Plaintiff to pay the debt at a time when, if accurately advised, he would not.

71.     Interest or other accruing charges are the quintessential examples of ambiguities that could cause a consumer to pay as a means of avoiding their accrual.

72. Plaintiff does not know why the mysterious balance remained the same despite the listed additions, nor whether these additions were in fact added, nor whether it might be added again after some period of time if the debt remained unpaid.

73. The letter is therefore deceptive.

74. Plaintiff was misled by this as the total balance had the same amount as the charge-off amount, despite the listing of additions in the interim and no payments were made.

75. The Letter is therefore false, deceptive, misleading, and unfair.

76. Because of the conflicting amounts due, Plaintiff suspected the Letter may be fraudulent or suspect, on whole or in part.

77. Plaintiff relied on the statements in the Letter in that he was unable to discern the pedigree of this alleged debt.

78. Because he was unable to ascertain from the Letter from where this debt arose, Plaintiff was unable to make payment thereon.

79. Because of the nonsensical, misleading, or false information in the Letter, Plaintiff suspected the Letter may be fraudulent or suspect, on whole or in part.

80. Plaintiff is unable to evaluate which debt was being collected.

81. Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

82. Plaintiff was therefore unable to make payment on the debt.

83. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

84. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

85. Defendant's conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendant's letter not been improper.

86. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter itself demanding payment did not make sense.

87. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

88. Because of Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

89. He spent this trying to determine to which alleged debt this referred.

90. He spent this trying to determine from where this debt arose.

91. He spent this trying to determine how this debt came to be with Simm.

92. He spent this trying to determine the amount owed.

93. He spent this trying to determine how much interest he owes.

94. He spent this trying to determine how much fees he owes.

95. He spent this trying to determine how much the debt was at charge-off.

96. He spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

97. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

98. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, suspecting a fraudulent collection.

99. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as it appeared that someone was coming after him collecting on a perhaps nonexistent debt.

100. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as the Letter seemed to be collecting on a phantom debt.

101. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as the Letter did not explain what it was based on or from whence it came.

102. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as the Letter was nonsensical.

103. Plaintiff also disputes the amount of this alleged debt.

104. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

105. The harms caused by Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

106. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

107. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects him to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

108. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

109. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

110. Defendant showed a reckless disregard for causing Plaintiff to suffer from emotional stress.

111. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

112. The fear of the victim need not be so great as to result in terror, panic, or hysteria. Id.

113. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

114. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

115. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

116. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

117. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

118. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

119. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

120. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to

intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

121. As described above, Plaintiff was confused and misled to him detriment by the statements in the dunning letter, and relied on the contents of the letter to him detriment.

122. As described above, Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

123. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

124. Plaintiff repeats the above allegations as if set forth here.

125. Defendant' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

126. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

127. Defendant violated said section by making a false, deceptive, and misleading representation in violation of §§ 1692e, 1692e (2), 1692e (5), and 1692e (10).

128. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant' conduct violated Section 1692e, et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

129. Plaintiff repeats the above allegations as if set forth here.

130. In the alternative, Defendant' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

131. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

132. Defendant violated §1692f and §1692f (1) by unfairly misrepresenting the creditor of the alleged debt and the amounts owed.

133. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant' conduct violated Section 1692f, et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

134. Plaintiff repeats the above allegations as if set forth here.

135. Defendant' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

136. Pursuant to 15 USC §1692g a debt collector must include notice in its initial communication as to the amount of the debt and the name of the creditor to whom the debt is owed.

137. This notice must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed and its amount.

138. Defendant violated 15 U.S.C. §1692g by unfairly failing to advise Plaintiff as to the identity of the original creditor and the amounts owed.

139. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

140.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carl Blain, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

a)  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b)  Awarding Plaintiff and the Class statutory damages;

c)  Awarding Plaintiff and the Class actual damages;

d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)  Awarding pre-judgment interest and post-judgment interest; and

f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 5, 2022

Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 600
Hackensack, New Jersey 07061
Phone: (201) 282-6500 x121
Fax: (201) 282-6501
ebabad@steinsakslegal.com
Pro Hac Vice Pending

By: /s/ Nayeem N. Mohammed
Nayeem N. Mohammed
State Bar No. 24082001

LAW OFFICE OF NAYEEM N. MOHAMMED
539 W. Commerce St. #1899
Dallas, Texas 75208
Telephone: (972) 767-9099
Nayeem@nnmpc.com
Local Counsel for Plaintiff

*Attorneys for Plaintiff*